FILED
98 JAN 28 PM 2:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

Michael Abron,  )
    Plaintiff(s);  )
  )
-vs.-  )   No. CV 97-P-1661-S
  )
United States Postal Service and  )
Ronald H. Drain,  )
    Defendant(s).  )

ENTERED
JAN 2 8 1997

### Opinion

Defendants' Motion to Dismiss for lack of subject matter jurisdiction was considered by the court at its October 24, 1997 motion docket. For the reasons stated below, Defendants' motion is due to be granted.

### Statement of Facts[1]

This case arises out of a labor dispute between Michael Abron ("Abron"), a letter carrier, and the United States Postal Service ("USPS"). As a letter carrier, Abron is represented in labor disputes by the National Association of Letter Carriers ("NALC"), which is the exclusive bargaining unit representative for all carrier craft bargaining unit USPS employees. The collective bargaining agreement currently in place requires that all disputes regarding terms, wages and conditions of employment be addressed through an established administrative grievance/arbitration procedure.

In May 1996, Abron was issued a seven-day disciplinary suspension. In December 1996,

---

1. The recitation of "facts" is based upon the materials submitted viewed in the light most favorable to the Plaintiff.

representatives of the USPS and the NALC entered a negotiated settlement resolving Abron's grievance by reducing his seven-day disciplinary suspension to a written Letter of Warning ("LOW"). Under the terms of that settlement, the LOW would be removed from Abron's file if no further infraction occurred within six months. The grievance resolution also stated that Abron would "be made whole for any loss." Thereafter, on February 3, 1997, Ronald Drain ("Drain") (a USPS labor relations specialist) and a representative of NALC entered a Pre-arbitration Settlement Agreement finding that Abron's grievance was moot in light of the December 1996 grievance resolution. At the time that the February 1997 Agreement was signed, neither USPS nor NALC was aware that Abron had already served three days of the seven-day suspension originally issued. When this fact was made known to management, Abron was paid for the three days.[2]

On June 12, 1997, Abron filed an action in the Small Claims Court of Jefferson County, Alabama, seeking $277.96 in back pay, $48.00 in costs, and $166.80 in interest relating to the pre-arbitration settlement entered into by the parties. USPS removed that action to this court. After the United States Attorney for the Northern District of Alabama certified that Defendant Drain was acting within the scope of his employment, this court, on July 22, 1997, substituted the United States of America as the only proper Defendant in this matter, pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694.

According to USPS personnel, searches of the appropriate USPS offices in Birmingham, Memphis and Washington, D.C. indicate that Abron has filed no claim under the Federal Tort

---

2. Payment records provided by the Defendants indicate that this payment was made to Abron in mid-February 1997.

Claims Act, 28 U.S.C. § 2671.

## Analysis

For a damages action to proceed against the United States, there must be a clear waiver of sovereign immunity, because the terms of the government's consent to be sued will define a court's subject matter jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. sections 1346, 2671-2680, provides a limited waiver of sovereign immunity by providing that no action can be instituted against the United States until an administrative tort claim has been filed with the appropriate federal agency. 28 U.S.C. § 2675(a). Compliance with 28 U.S.C. section 2675(a) is a jurisdictional prerequisite to maintenance of a lawsuit against the United States. *United States v. Kubrick*, 444 U.S. 11, 119 n.6 (1979); *Free v. United States*, 885 F.2d 840, 842 (11th Cir. 1989).

According to the unopposed[3] Affidavit of Ethel C. Turner submitted by the United States in support of its motion, it appears that plaintiff has never filed an administrative claim with the United States Postal Service, as required by the FTCA. Because plaintiff has failed to comply with the administrative requirements of the FTCA, this court is without jurisdiction to consider plaintiff's claim. The motion to dismiss brought by the United States is due to be GRANTED.

Dated: 1-27-98

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. John Charles Bell
    Mr. Thomas J. Blum
    Mr. Michael Abron

---

3. Plaintiff did not submit any opposition brief or other materials in response to defendant's motion.